IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J.Z.,[1]

        Plaintiff,

v.                                              Case No. 20-1280-JWB

MARTIN O'MALLEY,[2]
*Commissioner of Social Security*,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for an award of attorney fees in the amount of $9,375.25 under 42 U.S.C. § 406(b). (Doc. 23.) The Commissioner of Social Security ("the Commissioner") takes no position on the request, but only asks that the fees Kelsey Young received under the Equal Access to Justice Act (the "EAJA") be returned to J.Z. (Doc. 24.) The motion is granted for the reasons stated herein.

**I.    Procedural History**

On October 14, 2020, Plaintiff filed this action appealing the decision of the administrative law judge finding that Plaintiff was not disabled. (Doc. 1.) On March 23, 2022, this court reversed and remanded the Commissioner's decision for further proceedings in accordance with the court's order. (Doc. 19.) Plaintiff moved for attorney's fees under the EAJA, 28 U.S.C. § 2412(d). (Doc. 21.) The court granted the motion and awarded fees in the amount of $4,935.80. (Doc. 22.)

---

[1] Plaintiff's initials are used to protect privacy interests.
[2] Martin O'Malley, as the current Commissioner of Social Security, is substituted as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

After remand, the ALJ issued a fully favorable decision on January 12, 2023. (Doc. 23-1 at 2). Plaintiff was thereafter awarded $66,301.00 in back due benefits. (*Id.*) Upon retaining counsel for this matter, Plaintiff signed a contingency fee contract in which he agreed that the attorney fees would be one-fourth (25%) of all back due benefits. (Doc. 23-5.) Kelsey Young has already been paid $7,200 for work before the Social Security Administration and now moves for the remainder of her fees to be paid according to the contingency fee agreement. (Doc. 23-1 at 3). In response to the present motion, the Commissioner does not take a position, but he does note that this court previously granted Kelsey Young's motion for attorney fees under the EAJA and asks that these be returned to J.Z. if the present motion is granted. (Doc. 24.)

## II. Analysis

Pursuant to 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . ." In social security cases, EAJA fees are separate from fees awarded under § 406(b). *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008). Attorneys cannot keep both fee awards, but instead must refund the lesser of the EAJA or § 406(b) fees to Plaintiff. *Id*. As a result, the EAJA fees "effectively increase [ ] the portion of past-due benefits the successful Social Security claimant may pocket." *Id.* (citation omitted). "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id*.

Although an attorney may contract for 25% of past due benefits, the court must ensure that it yields a reasonable result. *Bryant v. Colvin*, No. 12-4059-SAC, 2014 WL 7359023, at *1 (D. Kan. Dec. 23, 2014) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). Plaintiff's counsel seeks attorney's fees of $9,376.25, with $7,200 having previously been paid by the Plaintiff for work before the Social Security Administration. (Doc. 23-1 at 3.) Counsel indicates that 23.2 hours were expended on this matter, which yields a de facto hourly rate of $404.11. (*Id.* at 11.) Counsel has itemized the hours spent on court representation. (Doc. 23-6.) The Commissioner does not object to the fee request. (Doc. 24 at 1.) The court finds that the fee request in this matter is reasonable. *See J.M.V. v. Saul*, No. 18-1202-JWB, 2020 WL 7230233, at *2 (D. Kan. Dec. 8, 2020) (citing *Bryant*, 2014 WL 7359023 at *1 ($418.28 per hour is a reasonable fee); *Robbins v. Barnhart*, Case No. 04–1174–MLB, 2007 WL 675654 at *2 (D. Kan. Feb. 28, 2007)) (courts have found reasonable fee amounts ranging from $338.29 to $606.79 per hour).

**III.  Conclusion**

Plaintiff's motion for attorney's fees (Doc. 23) is GRANTED. Plaintiff's attorney, Kelsey Young, is entitled to $9,375.25 in fees under § 406(b). After receiving these attorney's fees, Kelsey Young shall refund to Plaintiff $4,935.80, which was the amount she received as fees under the EAJA.

IT IS SO ORDERED. Dated this 5th day of November, 2024.

    s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE